IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES TRISTAN BOSTIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:18-cv-8017-LSC |
| | ) | (7:14-cr-00201-LSC-HGD-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.     Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner James Tristan Bostic ("Bostic") on July 10, 2018. (Doc. 1.) Bostic challenges the 120-month sentence of imprisonment imposed after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to § 2255(b), this Court has conducted a review of the motion and determines that it is due to be denied and this action dismissed.

**II.    Background**

1

Bostic was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on June 26, 2014. He pleaded guilty to that charge, pursuant to a written plea agreement, on August 19, 2014. Bostic was sentenced by this Court on November 24, 2014, to a term of imprisonment of 120 months to be served consecutively to any other sentences.

Bostic appealed, arguing that because his 120-month sentence was 74 months above the Guidelines range maximum of 37 to 46 months' imprisonment, and because the Government had recommended a within-Guidelines sentence, it was procedurally and substantively unreasonable. In particular, he argued that this Court gave improper weight to testimony at his sentencing regarding a pending state criminal charge and created a sentencing disparity with similarly situated defendants.

On October 1, 2015, the Eleventh Circuit affirmed Bostic's sentence, holding that this Court did not impose a procedurally or substantively improper sentence. The Eleventh Circuit noted that at Bostic's sentencing, this Court heard substantial testimony about Bostic's involvement in a violent crime that had been committed within 24 hours of his arrest on the felon-in-possession charge—more specifically, Bostic pistol-whipped an individual in her home and ran from police. The Eleventh Circuit also recognized that this Court discussed at length at Bostic's

sentencing why a 120-month sentence was appropriate under the particular circumstances of this case.

Bostic did not file the instant § 2255 motion until July 10, 2018. He now argues that he was denied his Sixth Amendment right to effective assistance of counsel because his defense counsel promised him that if he pleaded guilty, he would face no more than 37 to 46 months' imprisonment and because his defense counsel failed to object to the aforementioned testimony being introduced at sentencing. He also argues that this Court violated his right against double jeopardy by imposing his federal sentence consecutive to any other sentences, and that his defense counsel was ineffective in failing to point this out on direct appeal.

Bostic remains in custody.

### III. Discussion

Bostic's § 2255 motion is untimely on its face. The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners, such that Bostic was obligated to file his motion no later than one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, because Bostic pursued a direct appeal, his conviction became final upon the expiration of the 90-day period in which he could have filed a petition for certiorari to the United States Supreme Court. *See Clay v. United*

*States*, 537 U.S. 522, 532 (2003). In this case, that date was December 30, 2015. Thus, Bostic had until December 30, 2016, in which to file the instant § 2255 petition. By filing the motion in July 2018, he was over a year too late.

The statute provides for alternative triggers for the one-year period where "the movant was prevented from making a motion by . . . government action," where a "right has been newly recognized by the Supreme Court and made retroactively applicable," or where the claim was based on newly-discovered facts. § 2255(f)(2)-(4). Bostic has not alleged, and there is no reason to believe, that any of those circumstances are applicable here; therefore, his AEDPA clock commenced running when his judgment of conviction became final.

Bostic does seem to suggest that because he was not transferred into federal custody until August 2017, his motion is timely. (Doc. 1 at 2-3 ("I was held on the state charges from the year of 2014 until being placed in federal custody in 8/17/17. Wherefore this is a first tier collateral claim."). Unfortunately for Bostic, that is not the law. In sum, relief under § 2255 is not warranted here because Bostic's motion is barred by the applicable statute of limitations.

### IV. Conclusion

For the foregoing reason, Bostic's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Bostic's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON NOVEMBER 13, 2018.

                                                                                             _____
                                                                                             L. SCOTT COOGLER
                                                                                             UNITED STATES DISTRICT JUDGE
160704